**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**RON ROSA**                                                                                                           **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 2:06cv195KS-MTP**

**STREBLOW BROTHERS; AND BERKLEY
RISK ADMINISTRATORS COMPANY , LLC.**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#34]** filed on behalf of defendant Berklley Risk Administrators Company, LLC ("Berkley") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The court, having reviewed the motion, the response, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

On or about May 29, 2007, Ron Rosa ("Rosa") filed an Amended Complaint against Streblow Brothers ("Streblow") and Berkley Risk Administrators Company, LLC. Rosa contends Berkley Risk is subject to personal jurisdiction in Mississippi. In support thereof, the plaintiff asserts that jurisdiction is proper as to Berkley as they issued a Certificate of Insurance for workers' compensation coverage for work in Mississippi to

Standby Technical Services of Muscle Shoals, Alabama for work being performed within Mississippi; and, that Berkley is licensed as an insurance agency with the Mississippi Insurance Commission through May 31, 2007.

After Hurricane Katrina devastated much of South Mississippi, Seth Streblow of Streblow Brothers, a Minnesota corporation, and Dale Krusen made contact with persons who apparently had subcontracts with the U.S. Army Corp of Engineers and Ashbritt for the removal of debris from the Forrest and Lamar County areas. Streblow was able to secure work under the subcontracts for debris removal and then came to Mississippi to begin work.

While working in Mississippi, the Army Corp of Engineers notified Streblow Brothers that Krusen and his crew did not have proper Worker's Compensation coverage in place. Seth Streblow responded that Krusen's crew was working under the authority of his company. The plaintiff alleges that Streblow did not have enough employees prior to this debris removal work to require worker's compensation insurance, but that as a result of accepting the debris removal job in Mississippi, they sought and received such coverage from Berkley. The coverage was issued to the Minnesota corporation in Minnesota. A Certificate of Insurance indicating coverage under the Minnesota Workers' Compensation Assigned Risk Plan and administered by Berkley was issued to Standby Technical Services of Muscle Shoals, Alabama. It is not clear from the record exactly what relationship Standby had with the parties and they are not a party to this action.

At some point in this saga, Streblow hired Rosa, a resident of Missouri who now resides in New Mexico, to work in Mississippi. After being on the job for only a week or

so as a member of Krusen's crew, Rosa was injured when a tree he was assisting in felling struck the elevated bucket he was in knocking him out and to the ground some twenty-five feet below.  As a result of the fall, Rosa allegedly broke several ribs, a leg, a shoulder and his back.  He also suffered a punctured lung and the collapse of the other one.  He alleges that he has incurred more than $300,000 in medical treatment expenses and is permanently disabled and will continue to incur medical treatment and expenses in the future.

The plaintiff originally filed this action in this court on August 14, 2006, against only Streblow Brothers.  During discovery, the above referenced Certificate of Insurance was produced and the plaintiff moved to amend the complaint to add Berkley.  The amendment was granted and the Second Amended Complaint was filed on May 29, 2007.  On October 5, 2007, Berkley filed the present motion to dismiss on the basis of lack of jurisdiction.

Defendant Berkley attacks this Court's *in personam* jurisdiction by way of its Rule 12(b)(2) motion.  "The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant." *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), *cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).  When the court does not rely on an evidentiary hearing but instead decides the motion on the basis of pleadings and exhibits on file, the party urging jurisdiction is only required to present a *prima facie* case of personal jurisdiction.  *See Brown v. Flowers Industries, Inc., supra; DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1270-71, (5th Cir. 1983), and *Thompson v. Chrysler Motors Corp.*, 755

F.2d 1162, 1165 (5th Cir. 1985).

> The allegations of the complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a *prima facie* case for personal jurisdiction has been established.

*Thompson v. Chrysler Motors Corp.*, 755 F.2d at 1165, quoting *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270-71.

"Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established.'" *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270, (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d at 333, quoting *United States Ry. Equipment Company v. Port Huron and Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir. 1974)).

The Fifth Circuit has held that "the concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process." *DeMelo*, 711 F.2d at 1264 (other citations omitted). Further "amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Id.*

This case asserts jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332. A nonresident defendant is subject to the personal jurisdiction of a federal court sitting in diversity to the same extent a state court sitting in the state where the federal court sits would have. See, Brown v. Flowers Industries Inc., 688 F.2d at 331. ("In a diversity action a federal court enjoys jurisdiction over a nonresident defendant to the

extent permitted by the long-arm statute of the forum state."). For diversity purposes, a state standard of amenability to jurisdiction is applied based on a finding as to whether or not the state court would have had jurisdiction. To determine jurisdiction under the state standard, the court must find that the state's long-arm statute, as interpreted by the courts of that state, applies. *DeMelo,* 711 F.2d at 1265. The court must then determine that the application of the state long-arm statute in the particular case facing the court comports with the due process requirements of the 14th Amendment. *Brown v. Flowers Industries Inc.*, 688 F.2d at 331-32.

As set out above, there are two components to personal jurisdiction. The service of process requirement and the amenability to jurisdiction. Berkley has not challenged the actual physical service of process but instead by its motion challenges the amenability to the jurisdiction of this court pursuant to the service of process under the Mississippi long-arm statute. The Mississippi statute reads in pertinent part

> Any non resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57 (Supp. 2000).

Section 13-3-57 is applicable to three types of nonresident defendants. Those are, by the terms of the statute, (1) nonresidents who make a contract with a resident of the state to be performed in whole or in part within the state; (2) any nonresident who

commits a tort in whole or in part in the state against a resident or a nonresident; (3) and nonresidents who are "doing business" within the state. *See, Smith v. Temco, Inc.*, 252 So.2d 212 (Miss. 1971).

### The Contract Prong

Under the contract prong of the Mississippi long-arm statute a nonresident defendant must make a contract with a *resident* of Mississippi to be amenable to process. Ron Rosa is not, nor has he ever been, a resident of Mississippi. The plaintiff asserts that the contract prong of the Mississippi long-arm statute is satisfied because either the subject workers compensation insurance policy and/or certificate of insurance possibly subject Berkley to personal jurisdiction in Mississippi.

However, as to the policy itself, Berkley was not a party to the subject policy. Thus, the plaintiff's argument fails. Even if Berkley was a party to the subject policy, the plaintiff's argument would still fail because Berkley is a Minnesota company and the insured on the policy, Streblow Brothers, is a Minnesota company. There are no Mississippi contacts whatsoever related to the subject policy.

The Certificate of Insurance likewise cannot subject Berkley to personal jurisdiction in Mississippi. The Certificate of Insurance was issued from Minnesota to Standby Technical Services (an Alabama company). The Certificate was not issued by a Mississippi company nor to a Mississippi company or resident. There are simply no Mississippi contacts on the Certificate of Insurance. Accordingly, the Certificate of Insurance does not provide a basis for personal jurisdiction over Berkley.

**The Tort Prong**

The tort prong applies if the non-resident defendant commits a tort, in whole or part, in the state of Mississippi.  *Id.* (citing MISS. CODE ANN. §13-3-57*; Roxco, Ltd. v. Harris Specialty Chem., Inc.*, 133 F. Supp. 2d 911, 914 (S.D. Miss. 2000)). , 832 F.2d 1380, 1384 (5th Cir. 1987).  The plaintiff alleges that Berkley "likely" committed a tort in the State of Mississippi by virtue of the fact that Berkley issued the Certificate of Insurance to Standby Technical Services in Alabama in order to assure the U.S. Army Corp of Engineers that Streblow had workers compensation insurance to perform work in Mississippi.  In fact, the plaintiff asserts that the tort which satisfies this prong of the analysis actually occurred against Standby.  However, the Certificate is issued from Minnesota to Alabama for the benefit of a Minnesota company.  It was not issued to any resident of Mississippi nor to any company which was a resident of Mississippi.

The plaintiff cites *Gross v. Chevrolet Company*, 655 So.2d 873 (Miss. 1995), for the proposition that the commission of a tort outside the state of Mississippi which causes injury in Mississippi confers jurisdiction on the courts of Mississippi.  "Mississippi holds that a tort is not complete until injury occurs; if injury occurs in Mississippi then the tort occurred, at least in part, in the state for purposes of Section 13-3-57."  *Cycles Limited v. W. J. Digby, Inc.*, 889 F.2d 612, 619 (5th Cir. 1989).  Thus the plaintiff contends that he has been injured in Mississippi by the issuance of the Certificate to Standby in Alabama "vouching" for coverage and then the failure of Berkley to provide workers compensation coverage under that Certificate..

Regardless of the plaintiff's contention that a tort "likely" occurred in Mississippi,

for application of Mississippi long-arm statute one must look to the place where the actual injury occurred and not at the place of the economic consequences of the injury. *See, Cycles Limited v. W. J. Digby*, 889 F.2d at 619.  The physical injury to the plaintiff occurred in Mississippi.  Berkley had nothing to do with that injury.  The only injury that Berkley could be liable for is the failure to provide workers compensation coverage, provided that it actually undertook to do so.  The failure to provide coverage occurred as a result of the issuance of the Certificate of Insurance to Alabama, not Mississippi, and then the refusal to provide coverage thereunder.  Without a contractual relationship between the plaintiff and Berkley, there was no tort committed in whole or part in the state of Mississippi by Berkley against the plaintiff under the present set of facts

### The Doing Business Prong

Finally, the plaintiff contends that the doing business prong of the Mississippi long-arm statute is satisfied by Berkley's sending of the Certificate of Insurance to Standby in Alabama "vouching" for coverage in Mississippi on behalf of Streblow.  However, once again, the Certificate makes no mention of Mississippi nor of any work being performed in Mississippi.  The plaintiff was not an employee of Standby nor was he doing work for Standby at the time of his injury.

Under the doing business prong

> The Supreme Court of Mississippi holds that in order to assert jurisdiction under this aspect of the long arm statute:   (1) the nonresident defendant must purposefully do some act or consummate some transaction within the state; (2) the cause of action must arise from or be connected with such act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice.

*Cycles v. W. J. Digby*, 889 F.2d at 620, (other citations omitted).  There is simply no evidence before the court that Berkley was doing business in Mississippi so as to make it subject to the long-arm jurisdiction of the state.  Simply possessing a license to do business cannot be equated to doing business so as to satisfy the requirements of long-arm jurisdiction.  *See, e.g., Hoekstra v. Bose*, 707 N.E.2d 185 (Ill. App. 1998; and *Lebkuecher v. Loquasto*, 389 A.2d 143 (Pa. Super. 1978).

Having found that Berkley is not subject to personal jurisdiction in Mississippi under the facts presented, it is unnecessary to address the Constitutional restrictions on such jurisdiction.  However, the doing business prong of the Mississippi long-arm statute bears a certain resemblance to the minimum contacts requirement under the due process analysis which and the court will discuss in this context as a further basis to find that Berkley is not amenable to personal jurisdiction.

**<u>Due Process</u>**

If the plaintiff had established that jurisdiction under the Mississippi long-arm statute was appropriate, the court would be required to consider whether the exercise of jurisdiction by this court comports with the due process clause of the Fourteenth Amendment to the United States Constitution and the traditional notions of substantial justice and fair play.  *See, Thompson v. Chrysler Motors Corp.,supra*.

> The exercise of personal jurisdiction over a nonresident will not violate
> due process principles if two requirements are met.  First, the nonresident
> defendant must have purposefully availed himself of the benefits and
> protections of the forum state by establishing "minimum contacts" with that
> forum state. *International Shoe Company v. Washington*, 326 U.S. 310,
> 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945), *Bullion*, 895 F.2d at 216.

>  And second, the exercise of jurisdiction over the nonresident defendant
>  must not offend "traditional notions of fair play and substantial justice."
>  *Asahi Metal Industries Company v. Superior Court*, 480 U.S. 102, 113,
>  107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987), (citing *International Shoe*,
>  326 U.S. at 316, 66 S. Ct. at 158).

*Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

The Fifth Circuit has also determined that the minimum contacts inquiry is further subdivided into those contacts which give rise to specific personal jurisdiction and those which give rise to general personal jurisdiction.

>  Specific jurisdiction is appropriate when the nonresident defendant's
>  contact with the forum state arise from, or are directly related to, the
>  cause of action. (citations omitted). General jurisdiction, however, will
>  attach, even if the nonresident defendant's contacts with the forum state
>  are not directly related to the cause of action, if the defendant's contact
>  with the forum state are both continuous and systematic. (citations
>  omitted).

*Id* at 647. Further,

>  if a nonresident defendant has sufficient related or unrelated minimum
>  contacts with the forum, we must then consider whether the "fairness" prong of
>  the jurisdictional inquiry is satisfied. (citations omitted). The Supreme Court has
>  stated that the "fairness" of requiring a nonresident to defend a suit in a distant
>  forum is a function of several factors, including "the interest of the forum state."

*Id.*

The factors which have been enunciated by the Supreme Court to be considered in the fairness inquiry are:

>  [T]he burden upon the nonresident defendant; (2) the interests of the
>  forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate
>  judicial system's interest in obtaining the most efficient resolution of the
>  controversies"; and (5) "the shared interest of the several States in
>  furthering fundamental substantive social policies."

*Id.* at fn. 3.

Berkley asserts that it does not have the requisite minimum contacts to satisfy

the due process requirements of the Fourteenth Amendment. However, the plaintiff argues to the contrary. After a careful review of the facts presented, and based on all the factors enunciated above, the court finds that it would be fundamentally unfair to require Berkley to defend itself in this action. The court therefore finds that the plaintiff has failed to show a *prima facie* case of *in personam* jurisdiction over the defendant Berkley Risk Administrators Company, LLC and it should be dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#34]** filed on behalf of defendant Berklley Risk Administrators Company, LLC ("Berkley") is Granted and the Complaint is dismissed with prejudice as to this defendant only. A separate judgment shall be entered herein accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 6th day of December, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE